Fourth Court of Appeals
San Antonio, Texas



# MEMORANDUM OPINION

No. 04-24-00756-CR

Cassandra Alicia **BRIONES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR9133
Honorable Christine Del Prado, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: February 26, 2025

DISMISSED

Pursuant to a plea bargain, appellant pleaded nolo contendere to aggravated assault with a deadly weapon. The trial court sentenced her to eight years of deferred adjudication community supervision and a $1,000 fine on October 7, 2024. The trial court also signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's

permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* However, we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by appellant. The record includes at least one motion by appellant that was ruled upon, but it was ruled upon in appellant's favor before trial, and the plea bargain provides appellant waived the right to appeal written pretrial motions. Moreover, the trial court has not given appellant permission to appeal. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case, and appellant does not have a right to appeal. *See id.* R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On January 29, 2025, we notified Appellant this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing Appellant has the right of appeal was made part of the appellate record by February 13, 2025. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears*, 154 S.W.3d at 613; *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.). Appellant responded to our order through counsel explaining the trial court "has: (1) followed the parties' negotiated plea agreement; (2) ruled adversely on no matters raised by written motion ruled upon prior to appellant's plea; and (3) steadfastly refused to grant appellant any permission to appeal." Appellant's counsel further explained she "reluctantly concludes this court of appeals has little choice but to dismiss the instant attempted appeal."

Accordingly, this appeal is dismissed.

PER CURIAM